**800–FLOWERS, INC., Plaintiff,**

v.

**INTERCONTINENTAL FLORIST, INC., Defendant.**

No. 94 Civ. 4224 (PKL).

United States District Court, S.D. New York.

Aug. 4, 1994.

As Amended Aug. 4, 1994.

---

Baer, Marks & Upham, New York City, Howard Graff, Neal S. Barlia, Jennifer Bush, of counsel, for plaintiff.

Varet & Fink, New York City, Andrew L. Deutsch, Mitchell E. Radin, Diane S. Wolfson, of counsel, Rumberger, Kirk & Caldwell P.A., Orlando, FL, Michael R. Levin, Craig P. Niedenthal, Christopher T. Hill, of counsel, for defendant.

### OPINION AND ORDER

LEISURE, District Judge,

This action arises from an alleged infringement of plaintiff 800–Flowers, Inc.'s ("800–Flowers") mnemonic, 800–Flowers or 800– 356–9377, by defendant Intercontinental Florist, Inc.'s ("ICF") mnemonic, 800–FL[O]W-ERS or 800–350–9377. Plaintiff 800–Flowers seeks a preliminary injunction in this Court. In response to plaintiff's motion for injunctive relief, defendant has moved this Court for an order dismissing the action on the following grounds: (i) the first filed rule; (ii) lack of personal jurisdiction; and (iii) improper venue. Alternatively, defendant moves for an order transferring the action pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes defendant's motion to dismiss or transfer. The preliminary injunction which plaintiff seeks would prohibit defendant's use of the mnemonic 800–FL[O]WERS, a toll free number used by ICF to solicit orders for flower deliveries. For the following reasons, defendant's motion to dismiss pursuant to the first filed rule is hereby granted. Accordingly, the Court need not reach the other issues raised in the instant cross-motions.

## BACKGROUND

### A. *Factual Background*

Plaintiff 800–Flowers is a Texas corporation in the business of telemarketing flowers and floral arrangements nationwide through the use of an 800 toll-free number, 1–800– 356–9377. 800–Flowers' principal place of business is in Westbury, New York. Typically, customers place orders for delivery of flowers by dialing 1–800–FLOWERS and speaking with a telerepresentative. A customer's order is filled either by one of 800–Flowers' retail stores or by a participating local florist. Plaintiff owns the following United States Servicemark registrations permitting it to receive and transmit flowers and floral products to customers: "DIAL–1–800–FLOWERS," "800–FLOWERS," "CALL 1–800–FLOWERS" and "THE ONE 800 NUMBER FOR FLOWERS".

Defendant ICF, a Florida corporation with its sole place of business in Florida, is also in the business of telemarketing flowers and floral arrangements through the use of an 800 toll-free number, 1–800–350–9377. *See* Affidavit of Richard Borguss at P. 2–3 To solicit orders for flower deliveries, ICF advertises itself nationally in newspapers and on television, referring to its business as "1–

800–350–9377." After negotiating the rights to this number, 1–800–350–9377, with Mr. Greg Parrish of Telemarketing Incorporated in or about January 1994, ICF began using the number in or about March of 1994. Affidavit of Thomas Gregory Parrish at 3.

ICF routinely receives calls for flower orders and then, to coordinate the actual delivery, ICF contacts local florists within the caller's state. *See* Affidavit of William James Marquez at 1–2, 6. ICF receives a commission on the sale and delivery of flowers by the local florist. ICF contends, however, that it maintains no other business contacts with New York and, furthermore, that it is not registered to do business in New York. *Id.* at 6. ICF contends that 800–Flowers has been on notice of ICF's use of ICF's 800 number since March of 1994 at which time, ICF contends, 800–Flowers began making disparaging remarks about ICF. ICF alleges that plaintiff told ICF customers that ICF employees were "crooks and thieves" as well as falsely asserted that ICF and plaintiff were in litigation over use of the telephone number.

### B. *Procedural Background*

■ On May 19, 1994, attorneys for ICF filed a motion for declaratory judgment action in the Circuit Court for Orange County. *Intercontinental Florist, Inc. v. 800–Flowers, Inc. and McCann Companies, Inc.*, 94–664–CIV–ORL–19,[1] seeking a declaration of ICF's right to use the number 1–800–350–9377. ICF contends that, prior to that action, ICF and 800–Flowers were not involved in any type of negotiations. *Id.* at 7.

On June 8, 1994, twenty days after ICF filed its declaratory judgment action, 800–Flowers filed the instant action in this Court asserting claims of trademark infringement and unfair competition under the Lanham Act and pursuant to New York statutory and common law. Plaintiff 800–Flowers' complaint raises essentially the same issues as those raised in the Florida action commenced

by defendant ICF. Plaintiff has since moved for preliminary injunctive relief pursuant to Fed.R.Civ.P. 65(a). In opposing plaintiff's motion for a preliminary injunction, and advancing its own motion to dismiss, defendant contends that the first filed rule prevents this Court from determining whether plaintiff is entitled to injunctive relief. Furthermore, defendant has also cross-moved (i) to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1); (ii) to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue; and/or (iii) to transfer pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes defendant's motions to dismiss and to transfer.

### DISCUSSION

■ The propriety of a forum is a threshold matter that the Court must consider before addressing the merits of an action. *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). Accordingly, before reaching plaintiff's motion for preliminary injunctive relief, this Court will consider whether, in light of the first filed rule, this action is properly before it.

### A. First Filed Rule Prevents This Court From Retaining Jurisdiction of This Action

■ Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a "first filed" rule whereby the court which first has possession of the action decides it. *See Ivy–Mar Co. v. Weber–Stephen Prods. Co.*, 1993 WL 535166, *1–2, 1993 U.S.Dist. LEXIS 17965, *2–3 (S.D.N.Y. Dec. 21, 1993) (Leisure, J.). Generally, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991); *Columbia Pictures Indus. v. Schneider*, 435 F.Supp. 742, 747 (S.D.N.Y.1977).

---

1. The action in Florida was originally filed by ICF in state court. On June 16, 1994, 800–Flowers and McCann Companies, Inc. removed the case to the United States District Court, Middle District of Florida. Where a state action is subsequently removed to federal court, for the purposes of the First-to-File Rule, "the state court filing date is the relevant benchmark." *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F.Supp. 161, 166 (S.D.N.Y.1992) (collecting cases).

■ The first filed rule was developed to "serve[ ] the purposes of promoting efficiency [ ] and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622 (9th Cir.1991) (quoting *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 750 (9th Cir. 1979)); *see also First City Nat. Bank and Trust Co. v. Simmons,* 878 F.2d 76, 80 (2d Cir.1989). Thus, the suit which is first filed should have priority, "absent a showing of a balance of convenience or special circumstances giving priority to the second suit." *Ivy–Mar,* 1993 WL 535166 at *1, 1993 U.S.Dist. LEXIS 17965 at *2 (citing *Simmons,* 878 F.2d at 79); *see also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969) (citing examples of special circumstances). It is well established that the balancing of convenience "should be left to the sound discretion of the district courts." *William Gluckin & Co.,* 407 F.2d at 178; *Accord New York v. Exxon Corp.,* 932 F.2d 1020, 1025 (2d Cir.1991). Additionally, plaintiff bears the burden of demonstrating any special circumstances justifying an exception to the rule. *See Ivy–Mar,* 1993 WL 535166 at *1, 1993 U.S.Dist. LEXIS 17965 at *2.

■ Generally, a "special circumstances" exception to the first filed rule exists where "forum shopping alone motivated the choice of the situs for the first suit." *William Gluckin,* 407 F.2d at 178 (citing *Rayco Mfg. Co. v. Chicopee Mfg. Co.,* 148 F.Supp. 588 (S.D.N.Y.1957)); *accord Capitol Records, Inc. v. Optical Recording Corp.,* 810 F.Supp. 1350, 1353 (S.D.N.Y.1992). In the instant action, plaintiff endeavors to argue that such special circumstances exist. Plaintiff contends that the second suit should have priority, because ICF's suit was commenced under a direct threat of imminent litigation, and, therefore, was an improper anticipatory filing. To support its argument, plaintiff cites defendant's description of plaintiff's disparaging remarks, which include plaintiff's comments to potential customers that ICF and 800–Flowers were involved in litigation. Plaintiff contends that because defendant suggested these remarks were made, defendant's initiation of suit must have been in anticipation of, and under the imminent threat of, an action by 800–Flowers against ICF. Plaintiff's Reply Memorandum at 3–4.

■ Plaintiff also contends that the fact defendant sought declaratory relief in its complaint is proof that the action was filed under a direct threat of litigation. However, the first filed rule, as defendant correctly notes, has been applied in actions regardless of whether a declaratory judgment was sought in the initial action. *See, e.g., Thompson Medical Company, Inc. v. National Center of Nutrition, Inc.,* 718 F.Supp. 252, 253 (S.D.N.Y.1989). Accordingly, the fact that ICF sought declaratory judgment is not dispositive of the issue. Furthermore, plaintiff 800–Flowers' alleged remarks to customers concerning pending litigation does not necessarily prove an anticipatory filing nor that ICF is not the true plaintiff in the matter. A party has a right to seek declaratory judgment where a reasonable apprehension exists that if it continues an activity it will be sued by another party. *See Windsurfing International, Inc. v. AMF, Inc.,* 828 F.2d 755, 757 (Fed.Cir.1987); *Great American Ins. v. Houston General Ins.,* 735 F.Supp. 581, 585 (S.D.N.Y.1990) ("[a] declaratory judgment is an opportunity for a party to a ripe legal controversy to have that controversy resolved"). Such an exercise of a party's right to declaratory relief does not necessarily constitute an anticipatory filing for purposes of an exception to the first filed rule. A party's reasonable apprehension of a legal controversy may be sufficient to satisfy the requirements of a justiciable controversy without rising to the level of a direct threat of imminent litigation. Were this not the case, each time a party sought declaratory judgement in one forum, a defendant filing a second suit in a forum more favorable to defendant could always prevail under the anticipatory filing exception.

Additionally, the facts of this case do not adequately support 800–Flower's allegations that there was a threat of litigation. This is not a case where plaintiff and defendant were involved in negotiations which subsequently broke down, nor were any threats of litiga-

tion made directly to ICF. Additionally, plaintiff had been aware of defendant's use of a similar 800 number since March of 1994 yet did not instigate an action until June of 1994, twenty days after defendant had filed an action in Florida. The only statements which were made pertaining to litigation were made indirectly, by way of disparaging remarks to potential customers, presumably in order to divert competition away from ICF. If defendant ICF had been under a direct threat of litigation, and hoping to win a race to the court house, one would expect ICF to have filed an action in late March or early April of 1994.

Furthermore, it is not evident from the facts alleged herein, that defendant's behavior was motivated simply by a "race to the courthouse" to attain first-filed status. Defendant ICF contends it filed its action in Orange County in response to the disparaging remarks made by plaintiff 800–Flowers to potential ICF customers and with the hope of deterring unfair trade tactics. This indicates to the Court that ICF had a legitimate and meritorious rationale for seeking a declaratory judgment, since a resolution of the infringement issue by the Florida court would benefit ICF's developing business. As this Court has previously held, an action for a declaratory judgment is appropriate, "particularly where the delay in seeking judicial intervention will cause substantial prejudice to the declaratory judgment plaintiff." *Great American Ins.*, 735 F.Supp. at 585.

It is well established that district courts need not slavishly adhere to the first filed rule, and that where circumstances dictate, "great significance should not be placed upon the dates the actions were filed." *Ivy–Mar*, 1993 WL 535166 at *2, 1993 U.S.Dist. LEXIS 17965 at *6. As the eminent Judge Weinfeld noted, "the courts should be concerned with what the interests of justice require and not with who won the race." *National Patent Dev. Corp. v. American Hosp. Supply Corp.*, 616 F.Supp. 114, 118 (S.D.N.Y.1984). Adhering to Judge Weinfeld

trenchant statement, this Court has assessed the balancing of conveniences and practical considerations, discussed *infra*, and finds that the interests of justice in this case militate in favor of adhering to the first filed rule.

Because plaintiff has not demonstrated that the Florida action was wrongly commenced in anticipation of litigation nor that any other special circumstances justify an exception to the first filed rule, the Court performs an interests analysis to determine the appropriateness of this Court serving as the forum.[2]

**B. Pursuant to The First Filed Rule This Court Must Weigh the Competing Interests of the Fora**

[14–16] The interests analysis under the first to file rule includes consideration of the same factors considered under a 28 U.S.C. § 1404(a) transfer motion. *See National Patent*, 616 F.Supp. at 118. Generally, however, the balancing of conveniences is an equitable task and an "ample degree of discretion is afforded the district courts in determining a suitable forum." *Simmons*, 878 F.2d at 80 (citations and quotations omitted). The factors to be considered are as follows: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Ivy–Mar*, 1993 WL 535166 at *2, 1993 U.S.Dist. LEXIS 17965 at *3–4; *See also Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990); *Schieffelin & Co. v. Jack Co.*, 725 F.Supp. 1314, 1321 (S.D.N.Y.1989); *Turner v. Hudson Transit Lines, Inc.*, 724 F.Supp. 242, 243 (S.D.N.Y.1989); *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967)

**2.** Furthermore, the Court does not find, as plaintiff contends it should, that "an examination of the history of the litigation between the parties militates in favor of" a finding that ICF's action

was commenced in anticipation of litigation by 800–Flowers. *See Great American Ins. Co. v. Houston General Ins. Co.*, 735 F.Supp. 581, 585 (S.D.N.Y.1990) (Leisure, J.).

(Weinfeld, J.). In the instant action, the balancing of conveniences does not overcome the presumption of allowing the action to continue in the forum where it was first filed.

### A. *Location of Witnesses and Evidence*

■ The location of witnesses and physical evidence is a major factor to be considered when evaluating a transfer motion. *See, e.g., Frasca v. Yaw*, 787 F.Supp. 327, 331 (E.D.N.Y.1992); *Mobile Video Servs., Ltd v. National Ass'n of Broadcast Employees and Technicians, AFL–CIO*, 574 F.Supp. 668, 670–71 (S.D.N.Y.1983). Thus, this factor will be accorded similar weight in assessing the applicability of the first filed rule. The convenience of both party and non-party witnesses may be the single most important factor in the analysis of whether one forum is more appropriate that a competing forum. *See Frasca v. Yaw*, 787 F.Supp. at 331. *See, e.g., Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 988–89 (E.D.N.Y.1991); *Nieves v. American Airlines*, 700 F.Supp. 769, 772 (S.D.N.Y.1988).

In support of its contention that Florida is the more appropriate forum, ICF contends that the relevant witnesses and documents are located in Florida. Among the relevant witnesses would be employees of ICF, a Florida corporation with its sole place of business in Florida. Any documentation concerning the assignment of 800–350–9377 to defendant ICF, as well as other corporate records and documentation, would necessarily be among their business documents located in Florida. Employees of 800–Flowers may also be among the witnesses who may eventually be called to testify in the action, some of whom may be located in Florida, where 800–Flowers maintained an office as recently as June of 1993.

800–Flowers, on the other hand, has its principal office in New York, its place of incorporation in Texas, and has an extensive nationwide network. Presumably, neither all of its witnesses nor all of its documentation are concentrated either in New York, Texas or in Florida. Therefore, the location of plaintiff's witnesses and evidence does not greatly favor New York; however, the concentration of defendant's witnesses and docu-

mentation in Florida does militate in favor of dismissing this action pursuant to the first filed Rule and allowing resolution of the dispute to proceed in Florida.

### B. *Convenience of the Parties*

Another factor to consider is the convenience of the parties. *See Muller v. Walt Disney Productions*, 822 F.Supp. 1033, 1035 (S.D.N.Y.1993); *Hernandez v. Graebel Van Lines*, 761 F.Supp. at 988. With its principal place of business in Westbury, New York, New York would be a more convenient forum for plaintiff. On the other hand, Florida would be a more convenient forum for defendant. Defendant and its employees are all located at its place of business, in Florida. While an initial attempt to balance the convenience of the parties suggests to this Court that this factor is in equipoise, plaintiff's maintenance of an extensive nationwide network, one which has contacts in defendants choice of forum, appears to tip the balance slightly in favor of the defendant. Presumably, it would be less inconvenient for plaintiff to appear in Florida, where it even has maintained a place of business as recently as June of 1993, than it would be for ICF to appear in New York. Accordingly, whatever weight is given this consideration, supports this Courts application of the first filed rule.

### C. *The "Locus of Operative Facts"*

■ The location of the operative facts is traditionally an important factor to be considered in deciding where a case should be tried. *Mobile Video Servs., Ltd. v. Nat'l Ass'n of Broadcast Employees and Technicians, AFL–CIO*, 574 F.Supp. 668, 670–71 (S.D.N.Y.1983); *Copulsky v. Boruchow*, 545 F.Supp. 126, 128–29 (E.D.N.Y.1982). Additionally, a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum. *See Firestone v. Galbreath*, 722 F.Supp. 1020, 1028–29 (S.D.N.Y.1989). Defendant contends that the "locus of operative facts" or "site of the events from which the claim arises" is in Florida. As plaintiff 800–Flowers has stated in its complaint, its rights were violated by ICF's obtaining the use of the toll-free number 1–800–350–9377, by re-

ceiving calls from 800–Flowers customers, and by ICF's failing to disabuse customers of the impression that they had dialed 800–Flowers. Each of these events occurred in Florida. While plaintiff asserts in its Memorandum of Law in Opposition to Defendant's Motion to Dismiss that New York is the locus of operative facts, it has not pointed to any specific acts occurring within New York to justify this conclusory assertion. The only operative facts alleged to have occurred in New York are calls placed by customers to defendant ICF.

Assuming that instances of customer confusion constitute part of the action's operative facts, and that these instances are construed to occur at the situs from where the customer places the call, then every state where both numbers are in use and advertised could be considered a valid locus of operative facts. The one locus which appears to this Court to have significantly greater contacts with the action is Florida. The securing of the rights to 800–350–9377, the alleged passing off of this toll-free number as 800–356–9377, the passing off of ICF's toll-free number through its alleged failure to clarify its identity to potential customers, and the purchasing of advertising for the allegedly infringing number are events all occurring in Florida.

### D. *Relative Means of the Parties*

 Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed. *See e.g., Hernandez v. Graebel Van Lines*, 761 F.Supp. at 989; *Goldstein v. Rusco Indus. Inc.*, 351 F.Supp. 1314, 1318 (E.D.N.Y.1972). Here, while ICF is not an individual, there is a disparity between the relative means of the two corporations. As plaintiff has conceded, 800–Flowers has far greater economic resources than ICF. ICF has been in business for less than a year with only a single place of business in Orlando, Florida. Accordingly, litigation in a distant forum could pose a significant financial burden on ICF. Thus, ICF's ability to effectively litigate could potentially be impaired if

forced to litigate in New York. On the other hand, plaintiff has offices nationwide, with far greater capital at its disposal. While the Court is mindful that since both parties are corporations and thus this factor is not as significant as if the litigation were between an individual and a corporation, this factor, nevertheless, supports this Court's adherence to the first filed rule.

### E. *Plaintiff's Choice of Forum*

 In a motion to transfer, plaintiff's choice of forum is given significant weight and will not be disturbed, unless the balance of factors weigh strongly in favor of granting the transfer. *Seagoing Uniform Corp. v. Texaco, Inc.*, 705 F.Supp. 918, 936 (S.D.N.Y. 1989) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). The weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose. *Mobile Video Services, Ltd v. Nat'l Ass'n of Broadcast Employees and Technicians, AFL–CIO*, 574 F.Supp. at 671 (plaintiff's choice of forum "accorded less weight" when " '[t]he operative facts of [the] case have no material connection with this district' ") (*quoting Credit Alliance Corp. v. Nationwide Mutual Ins. Co.*, 433 F.Supp. 688, 689 (S.D.N.Y.1977)). Plaintiff 800–Flowers has not chosen the forum in its state of corporation, Texas. Nor has plaintiff has chosen a forum corresponding to the locus of operative facts. Accordingly, the weight accorded plaintiff 800–Flowers' choice of forum is diminished.

 Additionally, since this Court applies these factors in reference to the first filed rule, and not merely a transfer, there is a strong presumption in favor of the forum chosen by the original plaintiff, ICF. *See Ivy–Mar*, 1993 WL 535166 at *2, 1993 U.S.Dist. LEXIS 17965 at *6.

### F. *Practical Issues and Interest of Justice*

Courts of this Circuit have long followed the teachings of the Second Circuit on issues of judicial economy. As the Second Circuit

stated in *Wyndham Associates v. Bintliff,* 398 F.2d 614, 619 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968):

> There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.

*Id.* at 165. As discussed above, there is a virtually identical action filed in Florida. The interests of judicial economy dictate that the two identical actions not both proceed. The pending action in Florida will provide the plaintiff in the instant action every opportunity to protect and vindicate the rights it sought adjudicated in the instant action. *See Great American Ins.,* 735 F.Supp. at 586.

Based on a balance of all of the material circumstances of this case and in light of the factors set forth above, this Court finds that, in the interests of justice, this action should be dismissed and the resolution adjudicated in the forum where it was first filed, Florida. The concentration of parties, witnesses and documentation in Florida coupled with the financial hardship that litigating in New York may impose on defendant ICF all tip the balance of conveniences in favor of deferring to the forum first chosen by defendant ICF.

In exercising its sound discretion, the Court reiterates that there is a strong presumption "in favor of allowing the controversy to be adjudicated in the forum where it was first filed." *Simmons,* 878 F.2d at 80. Thus having found no special circumstances justifying a divergence from this rule, nor finding the balance of conveniences sufficient to overcome this presumption, this Court defers to the first filed rule and hereby dismisses this action.

Accordingly, this Court need not determine whether plaintiff 800–Flowers is entitled to a preliminary injunction and the request for injunctive relief should be addressed to the court adjudicating this dispute, the United States District Court, Middle District of Florida.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss pursuant to the first filed rule is hereby granted.

**SO ORDERED**