**NOVO NORDISK OF NORTH AMERICA, INC., Novo Nordisk Pharmaceuticals Inc., and Novo Nordisk A/S, Plaintiffs,**

v.

**GENENTECH, INC., Defendant.**

No. 94 Civ. 8634 (CBM).

United States District Court, S.D. New York.

Feb. 2, 1995.

Mark H. Sparrow, Rosenman & Colin, New York City, for plaintiffs.

James R. Ringer, Rogers & Wells, New York City, for defendant.

## OPINION

MOTLEY, District Judge.

### GENENTECH'S MOTION TO TRANSFER OR STAY

Both Novo Nordisk and Genentech are involved in the business of genetically-engineered pharmaceutical products. Novo Nordisk is waiting to get FDA approval to be able to sell Norditropin, genetically-engineered human growth hormone, inside of the United States. Genentech owns some U.S. patents concerning the production of human growth hormone.

In March 1993, Genentech brought an action against Novo Nordisk before the U.S. International Trade Commission (ITC) alleging that Novo Nordisk's product, Norditropin, infringed four of its patents. The ALJ determined that two of Genentech's patents were invalid, one of the patents was not infringed, and one would be infringed. As this was the ALJ's initial determination, this result will not be given a final determination until March 29, 1995. The very day the ALJ's determination was available Novo Nordisk filed this action here. The very next day, Genentech filed an action against Novo Nordisk in Delaware District Court.

**632**

In this case, filed in the Southern District, Novo Nordisk seeks declaratory relief that its process for making Norditropin does not violate any of Genentech's patents, that Genentech's patents are invalid, and that Genentech has violated the antitrust laws.

Genentech has brought a motion, pursuant to 28 U.S.C. § 1404, to transfer this action to Delaware or to stay this action pending upon the resolution of the action in Delaware. Defendant claims that it is still within this court's discretion to transfer the case to Delaware despite the First–Filed Rule. Genentech relies mainly on *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952), in which the Supreme Court ruled that the case should proceed in the forum of the later-filed action where both alleged infringers were before the court. Genentech claims that all the parties are before the court in the Delaware action and not in this action. In addition, Genentech argues that the interests of judicial economy would be served if this action was transferred to Delaware. Genentech gives four specific points to support this argument. They are as follows:

1. In the Delaware action both Novo Nordisk and, another party, BTG are before the court. Genentech claims that both Delaware defendants infringe upon its patents. Therefore, in Delaware, the validity and enforceability of the patents could be litigated without inconsistent results. BTG is not in the action in this district. It is uncertain if BTG is amenable to service in New York, as it is a Delaware corporation with a principal place of business in New Jersey.

2. The dispute could be more quickly resolved in Delaware.

3. The convenience of the parties is not a major factor when the case involves large corporations. While there are witnesses for Novo Nordisk in Denmark, Delaware is no more inconvenient than New York.

4. Novo Nordisk has already filed a Rule 12(b)(6) motion in Delaware.

On the other side, Novo Nordisk insists that this court apply the First Filed Rule. Moreover, Novo Nordisk states that its principal place of business is New York and its house counsel are in New York. Moreover, all four of the patents will be at issue in New York while in Delaware only two of the four patents are at issue.

### Summary of the law

█ It is well settled law in this Circuit that the first filed suit may not be transferred or stayed in favor of the second filed action unless there are special circumstances. *Johnson Electric North America, Inc. v. Mabuchi Motor America Corp.*, 1986 WL 5385 (S.D.N.Y.1986) (Motley, J.); *Steward Machine Co. v. Underpinning & Foundation Constructors, Inc.*, 1984 WL 359 (S.D.N.Y. 1984) (Motley, J.) *William Gluckin & Co. v. International Playtex Corp.*, 294 F.Supp. 876, 878 (S.D.N.Y.1968) (Motley, J.), *aff'd* 407 F.2d 177 (2d Cir.1969). Generally, there is a strong presumption in favor of the forum of the first filed suit. See *New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991). Additionally, it is the burden of the moving party to demonstrate any special circumstances. *800–Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 131 (S.D.N.Y.1994) (Leisure, J.).

█ Special circumstances are present when the choice of the forum of the first filed case was the result of pure forum shopping, if the balance of convenience favors the second forum, or if the first filed action is against a customer of the alleged infringer and the second involves the infringer himself. *Id.*

Although the instant action was filed a mere one business day before the defendant's action in Delaware District Court, it remains the first filed action. There is guidance on this issue in a similarly situated case. In *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed.Cir.1993), the Federal Circuit found in favor of Genentech pursuant to the First Filed Rule although Genentech had filed only one day prior to Eli Lilly's action in another federal court. In the *Eli Lilly* case, Genentech filed suit in the District Court in Indiana against the University of California and Eli Lilly seeking declaratory relief that a patent owned by the University and licensed to Eli Lilly was invalid and not infringed. The next day, the University filed suit

against Genentech for infringement of the same patent in California District Court. In addition, the court wrote, "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Id.* at 937.

Because Novo Nordisk's action is the first filed action, Genentech can only have this action stayed or transferred if it demonstrates what this Circuit calls special circumstances.

### I. Forum Shopping

■ Since the burden of proof is on Genentech, it must prove that the sole reason that Novo Nordisk filed its action in New York was motivated by forum shopping. However, Genentech cannot meet its burden because plaintiff's principal place of business is in the Southern District of New York. Genentech contends that the second suit should have priority because Novo Nordisk's suit was commenced under a direct threat of imminent litigation, and, therefore, was an improper anticipatory filing. To support its argument, Genentech points to the fact that Novo Nordisk filed its complaint the same day as the ALJ ruled in the case before the ITC. Moreover, Novo Nordisk filed an action seeking a declaratory judgment. However, "[a] party has a right to seek declaratory judgement where a reasonable apprehension exists that if it continues an activity it will be sued by another party." *800–Flowers*, 860 F.Supp. at 132. The two parties, Novo Nordisk and Genentech, had been involved in a long litigation history before an ALJ. There is no way that Novo Nordisk could have lulled Genentech into a relaxed posture and then "raced to the courthouse", as defendant claims to catch Genentech by surprise. These facts indicate that Novo Nordisk did have legitimate reasons for filing this action in the Southern District.

### II. Balance of Convenience

■ Once again the burden is on Genentech to demonstrate that the balance of convenience favors the second filed action. Genentech has failed to meet this burden as well. Giving a fair reading of facts and allegations, the balance of convenience is evenly bal-

anced. As stated earlier, Novo Nordisk's principal place of business is in the Southern District. On the other hand, neither Genentech or Novo Nordisk have any contact with Delaware, except for the fact that they are both incorporated in that state. Moreover, the interests of justice favor litigating in New York because the legitimacy of all four patents can be litigated in this action. If the action proceeds in Delaware, only two of the four patents will be litigated. Lastly, BTG, a corporation that Genentech sued in the Delaware action, is amenable to process in New York as BTG has sued Genentech here in the Southern District in a separate action.

### III. Customer Action

This exception clearly does not apply because Genentech is not a customer of an alleged infringer. In the instant action, Novo Nordisk is seeking a declaratory judgment and other relief to find Genentech's four patents invalid.

#### Conclusion

Therefore, because there are no special circumstances there is no reason to depart from the First Filed Rule. Accordingly, defendant's motion for transfer or stay of the proceedings in the instant action is denied.