TM CLAIMS SERVICE A/S/O Fuji
Photo Film, Inc., Plaintiff,

v.

KLM ROYAL DUTCH AIRLINES,
Defendant.

No. 00 Civ. 4879(RMB).

United States District Court,
S.D. New York.

June 7, 2001.

Bigham Englar Jones & Houston, New
York City by John MacCrate, III, of coun-
sel, for plaintiff.

Condon & Forsyth, L.L.P., New York
City by Stephen J. Fearon, for defendant.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Introduction

On June 1, 2000, Plaintiff TM Claims
Service, Inc. ("Plaintiff" or "TM Claims")
filed this action in Supreme Court, New
York County as subrogee for its insured,
FUJI Photo Film, Inc. ("FUJI") against
Defendant KLM Royal Dutch Airlines
("Defendant" or "KLM"). On June 30,
2000, Defendant removed the action to this
Court pursuant to 28 U.S.C. § 1331 based
upon federal question jurisdiction under
the Convention for the Unification of Cer-
tain Rules Relating to International Trans-
portation by Air ("Warsaw Convention").[1]
Notice of Removal, dated June 30, 2000
("Notice of Removal").

On March 13, 2001, Defendant filed the
instant motion to transfer this action to the
United States District Court for the
Northern District of Georgia pursuant to
28 U.S.C. § 1404(a) on the grounds that
"the litigation has no connection with the
State of New York and transfer will be for
the convenience of the parties and wit-
nesses and in the interest of justice."
(Def.'s Mem. at 2). **For the reasons set
forth below, Defendant's motion to
transfer is granted.**

---

1. Plaintiff claims breach of contract, failure to
exercise reasonable care, and breach of duty
as bailee of cargo, and $45,884.90 in damages
due to "KLM's alleged failure to properly
refrigerate the consignment at its warehouse
in Atlanta." Memorandum of Points & Au-
thorities of Defendant KLM Royal Dutch Air-
lines in Support of Motion to Transfer to the
United States District Court for the Northern

District of Georgia at 3 ("Def.'s Mem."). De-
fendant contends that the loss or damage: (1)
"did not take place ... at any time while the
goods were in charge of defendant;" and (2)
"was caused by the negligence of other par-
ties ... over whom [Defendant] had no con-
trol ..." Defendant's Answer, dated August 8,
2000, at 2–3.

## II. Background

On May 25, 1998, M.O. Air Express International ("M.O.Air"), a consignee of FUJI's goods, contracted with KLM at Schiphol Airport in Amsterdam to transport a two-piece consignment of photographic base emulsion weighing 1,526 kilograms from Amsterdam to Atlanta, Georgia on May 29, 1998. Affidavit of Bartholomew J. Banino, sworn to on March 13, 2001, ¶ 7 ("Banino Aff."). Upon arrival, the consignment was trucked by an agent of M.O. Air from the airport in Atlanta to FUJI's warehouse in Greenwood, South Carolina. (Def.'s Mem. at 3). Plaintiff alleges that the consignment of photographic base emulsion "was discovered to have been damaged/destroyed upon arrival" in Atlanta. Plaintiff's Complaint, dated July 19, 2000, at 1–2.

## III. Standard of Review

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The determination [of] whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Filmline (Cross–Country) Product., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.1989); *see also Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 621 (2d Cir.1968). "The burden is on the party seeking to transfer to make a 'clear-cut showing that it is warranted.'" *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 Civ. 5032, 2000 WL 1457320, at *3 (S.D.N.Y. Sept. 28, 2000) (quoting *Nieves v. American Airlines*, 700 F.Supp. 769, 771–72 (S.D.N.Y.1988)). "[T]he rule in this Circuit is that the plaintiff's choice of forum will not be disturbed unless the movant shows that the balance of convenience and justice weighs heavily in favor of transfer." *Somerville v. Major Exploration Inc.*, 576 F.Supp. 902, 908 (S.D.N.Y. 1983) (citing *Richardson Greenshields Sec., Inc. v. Metz*, 566 F.Supp. 131, 134 (S.D.N.Y.1983)). "The core determination under Section 1404(a) is the center of gravity of the litigation." *Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999). The Court's discretion "will not be disturbed upon appeal without a clear showing of abuse." *A. Olinick & Sons v. Dempster Bros. Inc.*, 365 F.2d 439, 443–444 (2d Cir.1966).

## IV. Analysis

TM Claims does not dispute that its claim could have been filed in the Northern District of Georgia.

The Northern District of Georgia is, in fact, a proper venue for this action because: (1) substantial events or omissions giving rise to the claim occurred there; and (2) KLM conducts business in the State of Georgia and is subject to personal jurisdiction there. (Def.'s Mem. at 5). *See also* 28 U.S.C. § 1391(b), (c); *Centennial Ins. Co. v. Burlington Air Express Inc.*, No. 97 Civ. 8512, 1998 WL 323486, at *2 (S.D.N.Y. June 17, 1998) (granting motion to transfer where "both defendants are deemed to reside in the district" and "a substantial part of the events giving rise to the claim" occurred there).

In determining "whether the convenience of the parties and witnesses and the interest of justice warrant a transfer," the Court weighs a series of factors, which include:

(1) the plaintiff's original choice of forum, (2) the locus of the operative facts, (3) the convenience and relative means of the parties, (4) the convenience of the witnesses, (5) the availability of process

to compel the attendance of witnesses, (6) the location of physical evidence, including documents, (7) the relative familiarity of the courts with the applicable law, and (8) the interests of justice. *Royal & Sunalliance v. British Airways*, No. 00 Civ. 6466, 2001 WL 363657, at *1 (S.D.N.Y. Apr. 12, 2001); *UFH Endowment*, 2000 WL 1457320, at *6 (motion to transfer granted where "the locus of operative facts, the issue of trial efficiency, and the interest of justice, weigh heavily in favor of transfer"). Analysis of these factors leads this Court to transfer the case to the Northern District of Georgia.

1. Plaintiff's Choice of Forum

"A plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer."[2] *Royal & Sunalliance*, 2001 WL 363657, at *2. However, "a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum." *800–Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 134 (S.D.N.Y.1994); *Firestone v. Galbreath*, 722 F.Supp. 1020, 1030 (S.D.N.Y. 1989) (transferring the case from New York to Ohio where "nearly all of the significant actions involved in this case took place outside New York."). The (principal) connection New York has with the present litigation is that New York is Plaintiff's "residence". Affidavit of John MacCrate III, sworn to on April 2, 2001, at 2 ("MacCrate Aff."). Plaintiff is a New York corporation with it's principal place of business in New York.[3] *Id.* There is no evidence that the cargo at issue ever entered or passed through the State of New York. (Def.'s Mem. at 7). The fact that the claim was "handled and adjusted" by employees of TM Claims Service in New York does not mean that these individuals necessarily have any personal knowledge as to the events which allegedly caused damage to the subject cargo. Defendant's Reply Memorandum at 2 ("Def.'s Reply"). As will be shown, Plaintiff's choice of forum should not control here. *Soto v. Bey Transp. Co.*, No. 95 Civ. 9329, 1997 WL 407247, at *6 (S.D.N.Y. July 21, 1997) ("Although the Court accords great deference to plaintiffs' choice of forum, the Court finds that New York has no other nexus to the facts underlying the action, deemphasizing any importance plaintiffs' choice of forum may have had in the analysis.").

2. **Locus of Operative Facts**

Here, the alleged damage/destruction to the consignment of photographic base emulsion occurred in Atlanta, (Banino Aff. ¶ 10) ("Plaintiff alleges that KLM did not properly refrigerate the consignment at its warehouse in Atlanta."), and was discovered in Atlanta. (Def.'s Reply at 1) ("The survey of the damage, commissioned by plaintiff, was undertaken by Mr. John R. Venneman and Mr. Thomas S. Adams of McLarens Toplis of Atlanta.... In addition, Leslie Purser from M.O. Air in Atlanta investigated the case and provided a detailed report."). *See also Smart v. Goord*, 21 F.Supp.2d 309, 316 (S.D.N.Y. 1998) (citations omitted) (emphasis added) ("**The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer.**"); *Dr. Boy,*

---

2. The Court is aware that the United States Court of Appeals for the Second Circuit held a rehearing in banc on June 6, 2001 on a (somewhat) related issue. *See Iragorri v. Int'l Elevator, Inc.*, 243 F.3d 678 (2d Cir.2001) (in banc decision pending).

3. *See* 28 U.S.C. S 1391(c) ("For purposes of venue ... a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").

*GmbH v. Nationwide Ins.*, No. 96 Civ. 3217, 1996 WL 350699, at *2 (S.D.N.Y. June 25, 1996) (when a party "has not shown that any of the operative facts arose in the Southern District of New York [,] this factor weighs heavily in favor of transfer[ ]").

### 3. Convenience and Relative Means of the Parties

When considering the convenience of the parties "the logical and relevant starting point is a consideration of the residence of the parties." *Wine Markets Int'l v. Bass*, 939 F.Supp. 178, 182 (E.D.N.Y.1996); *United States Fidelity and Guar. Co. v. Republic Drug Co., Inc.*, 800 F.Supp. 1076, 1080 (E.D.N.Y.1992). As noted, Plaintiff TM Claims is a New York corporation with its principal place of business in New York. (MacCrate Aff. at 2). Defendant KLM is a foreign corporation, organized and existing under the laws of the Kingdom of the Netherlands, and conducts business and has offices throughout the United States, including Georgia and New York. (Def.'s Mem. at 6). This factor does not necessarily weigh in favor of transfer.[4] *Merkur v. Wyndham Int'l, Inc.*, No. 00 CV 5843, 2001 WL 477268, at *4 (E.D.N.Y. March 30, 2001).

### 4. Convenience of the Witnesses

"Under the transfer of venue procedure in Section 1404(a), the most significant factor to be decided by this Court, in its exercise of discretion, is the convenience of the party and nonparty witnesses." *Nieves*, 700 F.Supp. at 771–72; *Insurance Co. of North Am. v. S/S "Ro Ro Genova"*,

661 F.Supp. 1578, 1580 (S.D.N.Y.1987) (action for cargo loss transferred from New York to Illinois where bill of lading was executed in Illinois, and shipment and witnesses were located in Illinois). The party seeking transfer "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Howard v. Four Seasons Hotels, Ltd.*, No. 96 Civ. 4587, 1997 WL 107633, at *3 (S.D.N.Y. Mar. 10, 1997).

Defendant contends (persuasively) that "a majority of the witnesses ... are located in Georgia,"[5] including: Mr. Tony Okada, the import secretary for M.O. Air International Inc. in Atlanta, who made the preliminary notice of claim to KLM in Atlanta; Mr. John R. Venneman and Mr. Thomas S. Adams of McLarens Toplis of Atlanta, who conducted the survey of the damage commissioned by Plaintiff; Mr. David Ayers, an employee of M.O. Air, involved in the handling of the subject consignment at the time of the incident; Leslie Purser from M.O. Air in Atlanta, who investigated the case and provided a detailed report to McLarens Toplis in preparation of the survey report; KLM Cargo employees in Atlanta who handled the consignment and can describe KLM Cargo's handling procedures at the airport in Atlanta; and KLM Cargo's Atlanta Customer Service office, who investigated the incident. (Def.'s Reply at 1–2).

Plaintiff contends that "Plaintiff, its witnesses, and documents are located in New York," Plaintiff's Memorandum of Law in Opposition to Motion to Transfer at 3, and that it "handled and adjusted the claim of

---

4. "The relative means of the parties is a factor to be considered in a transfer analysis." *Dostana Enters. LLC v. Federal Express Corp.*, No. 00 Civ. 0747, 2000 WL 1170134, at *4 (S.D.N.Y. Aug. 16, 2000). Neither party has offered evidence that transfer would be unduly burdensome to its finances. *Id.*

5. Defendant notes that "[s]ince discovery has not commenced (other than a mutual exchange of documents), neither party has [formally] identified the witnesses who will be called to testify at trial." (Def.'s Reply at 1).

Fuji through employees including Mr. Frank Randall and [Angela Captain] all located at the New York office." Affidavit of Angela Captain at 1 ("Captain Aff."). **"When weighing the convenience of the witnesses, courts must consider the materiality, nature and quality of each witness, not merely the number of witnesses in each district."** *Royal & Sunalliance*, 2001 WL 363657, at *3 (emphasis added). The witnesses who reside in Georgia appear to be more material to this case than those (i.e., claims adjusters) located in New York. First, "[t]he fact that the claim was 'handled and adjusted' by employees of TM CLAIMS SERVICE in New York does not mean that these individuals have any relevant personal knowledge as to the events which allegedly caused damage to the subject cargo." (Def.'s Reply at 2). *See also Royal & Sunalliance*, 2001 WL 363657, at *3 ("Mr. Campbell is necessary to give testimony regarding the condition of the consignment when delivered ... Such testimony goes to the heart of this case, in contrast to the testimony of the claims adjusters [ ] who are needed only to establish damages and authenticate business records."). Second, "[s]ettlement discussions between a claims adjuster in New York and Ms. Barbara Milliken at KLM Cargo's office at John F. Kennedy International Airport are not relevant to how the cargo was damaged or who is liable for the damage." (Def.'s Reply at 2). Finally, "since the incident was investigated on behalf of plaintiff by a surveyor, McLarens Toplis in Atlanta, and on behalf of KLM by KLM Cargo's office in Atlanta, any witnesses in New York purporting to have knowledge regarding how the loss/damage occurred likely would be relying on information provided by witnesses in Atlanta."

(Def.'s Reply at 2). *See Bombardier*, 2000 WL 1721138, at *5 (granting defendant's motion to transfer where "[a]part from four potential non-party witnesses residing in the New York area ... the key witnesses to this dispute do not live in or (any) where near the Southern District."); *Troyer v. Karcagi*, 488 F.Supp. 1200, 1207 (S.D.N.Y.1980) (where material events underlying the dispute occurred in Ohio, transfer to Ohio is ordered despite presence of two witnesses for plaintiff in New York).

### 5. Ability to Compel Witness Testimony

"Related to the convenience of witnesses is the ability to compel the attendance of witnesses who might be reluctant to appear voluntarily." *Royal Insurance Co. of Am. v. United States*, 998 F.Supp. 351, 354 (S.D.N.Y.1998). This factor is "generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship." *Praxair, Inc. v. Morrison Knudsen Corp.*, No. 00 Civ. 0892E, 2001 WL 118585, at *4 (W.D.N.Y. Feb. 6, 2001); *Citigroup, Inc. v. City Holding Company*, 97 F.Supp.2d 549, 561 (S.D.N.Y.2000). In this case, Plaintiff's proposed witnesses, Frank Randall and Angela Captain, are TM Claims employees who can be expected to testify on behalf of the Plaintiff in either forum without compulsion. On the other hand, KLM has identified several non-party witnesses located in Georgia whose testimony may well be relevant at trial. (Def.'s Reply at 1–2). The District Court in Georgia may be in a better position to compel their testimony if needed.[6] *Praxair*, 2001 WL

---

6. It may be possible to introduce at trial *de bene esse* depositions of these witnesses. De-

positions, however, even when videotaped, are generally no substitute for live testimony.

118585, at *4. This factor weighs in favor of transfer. *Delarosa v. Holiday Inn,* No. 99 Civ. 2873, 2000 WL 648615, at *4 (S.D.N.Y. May 19, 2000) ("ability of the court to compel the attendance of unwilling witnesses" favored transfer where defense witness no longer employed by defendant); *Eastern Dist. Repetitive Stress Injury Litigat.,* 850 F.Supp. 188, 194 (E.D.N.Y.1994) (granting transfer where "absent transfer, most witnesses will not be subject to this court's subpoena power.").

### 6. Location of Physical Evidence

The relevant documents in this case are located in New York and Atlanta. (Def.'s Mem. at 7). However, the documents "are not voluminous and are easily transported." *Royal Insurance Co.,* 998 F.Supp. at 354; *Smart,* 21 F.Supp.2d at 317 ("[T]he comparatively low cost of transporting documents makes their location a less pressing factor in deciding a venue motion.").

### 7. Familiarity with Governing Law

This case arises under the Warsaw Convention. (Notice of Removal ¶ 4). "All federal courts are presumed to be fully capable of ruling on nationally applicable legal principles." *Royal Ins. Co. of Am. v. United States,* 998 F.Supp. 351, 355 (S.D.N.Y.1998). Accordingly, this factor is "neutral" in the 1404(a) analysis.

### 8. Interest of Justice

"The 'interest of justice' is a separate component of the Court's § 1404(a) transfer analysis ... and may be determinative in a particular case." *Bombardier,* 2000 WL 1721138, at *6. "The interests of justice are based on the totality of the circumstances." *Id.* Here the totality of the circumstances, in the Court's view, supports transfer to Georgia. The material events

that support Plaintiff's allegations occurred in Georgia, and most of the witnesses (and documents) that can prove or disprove Plaintiff's claims are in Georgia. (Def.'s Reply at 1). *See, e.g., Ring v. Executive Jet Aviation,* No. 01 Civ. 738, 2001 WL 492428, at *3 (S.D.N.Y. May 8, 2001) ("the totality of circumstances" support defendant's motion to transfer where "the material facts that support plaintiff's allegations occurred in Ohio and the documents and witnesses ... are in Ohio."); *Douglas v. Syracuse Univ. Coll. of Law,* No. 94 Civ. 9195, 1995 WL 555693, at *3 (S.D.N.Y. Sept. 18, 1995) (granting motion to transfer where "the overwhelming majority of the relevant factors weigh in favor of the Northern District of New York").

### V. Conclusion and Order

For the foregoing reasons, KLM's motion [11–1] to transfer this action to the U.S. District Court for the Northern District of Georgia is granted. The Clerk is respectfully requested to transfer the case.