**ALDEN CORP. Plaintiff,**

v.

**EAZYPOWER CORP. Defendant.**

**No. CIV.A. 303CV1257JCH.**

United States District Court,
D. Connecticut.

Dec. 5, 2003.

John C. Linderman, Wm. Tucker Griffith, McCormick, Paulding & Huber, Hartford, CT, for Plaintiff.

Joseph E. Cwik, Kara Eve Foster Cenar, Philip D. Segrest, Jr., Robert B. Breisblatt, Yolanda M. Price, Welsh & Katz, Chicago, IL, Paul A. Fattibene, Southport, CT, for Defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STAY [DKT. NO. 18]

HALL, District Judge.

The plaintiff, Alden Corporation, brings this patent infringement action against Eazypower Corporation. Eazypower now moves this court to dismiss, stay, or transfer the case to the Northern District of Illinois, where there is a pending action by Eazypower against Alden. For the reasons set forth below, Eazypower's motion to transfer is GRANTED.

## I. DISCUSSION

### A. Facts [1]

Alden, a Connecticut resident, filed a patent application with the Patent and Trademark office ("USPTO") on April 4, 2000. The application was published on October 4, 2001, as U.S. Published Application No.2001/0026737. On March 19, 2003, Alden received a Notice of Allowance from the USPTO indicating that its claims could proceed to issuance. Alden then provided written notice of its published and pending patent application to Eazypower, pursuant to 35 U.S.C. 154(d), in several letters from its counsel, Dallett Hoopes, including a strongly worded one dated April 4, 2003, which noted that Alden had "every intention of seeking full legal and equitable remedy for infringement of this patent and demands that you and your customers and suppliers cease and desist from your infringing activity." The letter also told Eazypower that Alden had not yet contacted Eazypower customers, and that "such letters may not be necessary" if Eazypower

would "advise us of your immediate steps to stop infringement on their part and yours and assure us of their and your compliance." (4/4/03 Letter from Dallett Hoopes to President, Eazypower Corp., Def.'s Mem., Dkt. No. 19, Ex 2). Six days later, Alden sent another, similarly worded letter to Eazypower customer Ace Hardware Corporation, notifying Ace of alleged infringement, of Alden's intention to pursue suit if the product was not immediately removed from the market, and asking for "immediate indication of your intentions, so that we can plan our next steps." (4/10/03 Letter from Dallett Hoopes to David F. Hodnik, President and CEO of Ace Hardware Corp., Def. Mem., Dkt. No. 19, Ex 2.) A second letter from Hoopes to Eazypower, on April 14, 2003, again notified Eazypower of alleged infringement of the pending patent, and repeated the caution, "[w]e have not yet written your customers or suppliers a letter," (4/14/03 Letter from Hoopes to President, Eazypower, Def.'s Mem., Dkt. No. 19, Ex. 2), despite the fact that Alden had in fact contacted Ace four days earlier.

Eazypower responded to Alden's letters on April 23, 2003, and requested more specific information about the pending claims that it was allegedly infringing. (4/23/03 Letter from Joseph Cwik to Dallett Hoopes, Def.'s Mem., Dkt. No. 19, Ex. 2). Hoopes responded to the request by voice mail, requesting copies of Eazypower production drawings in order to determine infringement. Eazypower objected, suggesting that if the infringed claims could not be determined without the drawings, Alden could not have a good faith basis for its cease and desist letters. (5/5/03 Letter from Kara Cenar to Dallett Hoopes, Def.'s Mem., Dkt. No. 19, Ex. 2). More letters ensued. (*See* Def.'s Mem., Ex. 2).

1. The following facts are taken from the complaint and the parties moving papers.

Eazypower filed suit on May 12, 2003, in the Northern District of Illinois. It requested a declaratory judgment, and asserted claims and sought relief for what it alleged was Alden's unfair competition.

The Alden patent, U.S. Pat. No. 6,595,-730, was issued on July 22, 2003. At 9 am on that date, Eazypower filed a first amended complaint in the Illinois action. That afternoon, after Alden had received the amended complaint, it filed this action.

## B. First Filed Rule

■ The first filed rule, a change of venue principle, permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits are pending in federal courts. *See First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 77, 79 (2d Cir.1989). There is generally a strong presumption in favor of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991). "The general rule in this Circuit is that, as a principle of sound judicial administration, the first suit should have priority, absent the showing of balance of convenience in favor of the second action or unless there are special circumstances which justify giving priority to the second." *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969) (citations and quotation marks omitted). This rule "embodies considerations of judicial administration and conservation of resources." *First City*

*Nat'l Bank*, 878 F.2d at 80 (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). In deciding between competing jurisdictions, the balancing of convenience is left to the district court. *Factors Etc., Inc., v. Pro Arts, Inc.*, 579 F.2d 215, 218–19 (2d Cir.1978), *rev'd on other grounds by Factors Etc., Inc. v. Pro Arts, Inc.*, 652 F.2d 278 (2d Cir.1981) (outcome of concurrent litigation in Sixth Circuit was controlling).

In determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 133 (2d Cir.2000). In the Illinois Action, Eazypower asserts claims, arising out of Alden's letters and publicity claiming infringement, for: Violation of the Lanham Act § 43(a); Violation of the Illinois Uniform Deceptive Trade Practices Act; Tortious Interference with a Prospective Contractual Relationship; and for a Declaratory Judgment of Non–Infringement. (First Am. Compl., in Def.'s Mem., Dkt. No. 19, Ex. 2).[2] In this action, Alden alleges: Patent Infringement; Violation of the Lanham Act; and Unfair Trade Practices under the Conn. Gen.Stat. § 42–110a ("CUPTA"). The CUPTA claims are based on defendant's alleged patent infringement and packaging of its goods to look like Alden's goods.

---

**2.** Alden argues that this court should only consider the original complaint in any first-filed analysis, since the amended complaint was filed on the same day that this lawsuit was instituted and that the patent declaratory judgment claim cannot "relate back" because the patent was not issued until the day of the amended complaint. However, whether the amended complaint can "relate back" to the date on which the Illinois action was first filed, is immaterial, since that complaint was filed before this action albeit on the same day. *See, e.g., Genentech*, 998 F.2d at 938 (finding action filed a mere business day before second suit to still be the "first filed" action). *Cf. Richmond, Fredericksburg & Potomac R. Co. v. United States*, 75 F.3d 648 (Fed.Cir. 1996) (suits initially filed on the same date in the Eastern District of Virginia and in the Court of Federal Claims arose from the same operative facts, and asked both courts for essentially the same relief; since the district court suit arguably was pending at the time the Court of Federal Claims suit was filed, the latter would be without jurisdiction to entertain the suit).

These claims all arise from the nucleus of Eazypower's alleged infringement, and efficiency and economy support resolving them in the same forum. Indeed, "it is a general rule of comity that where two cases between the same parties, involving the same issues, are commenced in two federal courts, the action should proceed in the forum in which the case was first brought." *Etablissements Henry–Le Paute v. American Greiner Electronics, Inc.,* 172 F.Supp. 228 (D.Conn.1959). The patent infringement claim is duplicative of the Northern District of Illinois suit; indeed, it is a compulsory counterclaim in that action. Fed.R.Civ.P. 13(a) (must plead counterclaims arising out of same transaction or occurrence that is the subject matter of the opposing party's claim); *Critical–Vac Filtration Corp. v. Minuteman,* 233 F.3d 697 (2d Cir.2000) (counterclaim is compulsory if a "logical relationship" exists between the claim and the counterclaim and if the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit). The other two counts of Alden's complaint also arise from the alleged infringement, again making this suit substantially duplicate the issues of the first-filed action in Illinois.

Additionally, Alden has made no showing of "special circumstances" which would warrant a departure from the first-to-file rule. *See, e.g., First City Nat'l Bank,* 878 F.2d at 79. "Special circumstances" that can support exception to the first filed rule include where the first, declaratory action is filed in response to a direct threat of litigation. "When the declaratory action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum." *Factors Etc., Inc. v. Pro Arts. Inc.,* 579 F.2d 215, 219 (2d Cir.1978). However, the "general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed. Cir.1993), *abrogated on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (holding that review of district court declaratory judgment decisions is for abuse of discretion, not *de novo* ). "When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Id.*

While Alden's letters strongly evidenced an intent to sue, they did not specify a date or a forum, nor did they state that suit was inevitable. Instead, they threatened suit if Eazypower did not cease its alleged infringement. This is not tantamount to an impermissible "race to the courthouse." *See J. Lyons & Co., Ltd. v. Republic of Tea, Inc.,* 892 F.Supp. 486, 491 (S.D.N.Y.1995) (suit not anticipatory where it was is filed in response to a notice letter that did not explicitly "inform[ ] a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit"); *Employers Ins. of Wausau v. Prudential Ins. Co. of America,* 763 F.Supp. 46, 49 (S.D.N.Y.1991) (declaratory action filed in response to a notice letter which stated that the sender "hoped to avoid litigation" would be allowed to proceed over a second-filed action).

The facts reveal that, rather than engaging in a race to the courthouse, Eazypower had legitimate reasons for filing suit before the patent was issued. It had received threatening letters from Alden, which contained false statements about Alden's contacts with Eazypower's customers. When Eazypower attempted to follow up on the

alleged infringement, Alden was unable or unwilling to provide the necessary information so that Eazypower could evaluate and remedy the alleged infringement, yet Alden continued to claim infringement and threaten both Eazypower and at least one of its customers, Ace. "A party has a right to seek a declaratory judgment where a reasonable apprehension exists that if it continues an activity it will be sued by another party." *800–Flowers, Inc. v. Intercontinental Florist,* 860 F.Supp. 128, 132 (S.D.N.Y.1994). Alden's claims about Eazypower's packaging of its product are slightly different from the issues in the Illinois case, but still substantially related and involving the same product.

## C. Transfer Analysis

The court determines that it is in the interests of justice to transfer this case to the Northern District of Illinois, so the cases may be consolidated and then proceed together. *See, e.g., Coady v. Ashcraft & Gerel,* 223 F.3d 1 (1st Cir.2000) (transfer was appropriate remedy where there was overlapping litigation); *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir.1999) (under first-to-file rule, where related cases are pending before two federal courts, court in which case was last filed may refuse to hear it if issues raised by cases substantially overlap). *See Nieves v. Am. Airlines,* 700 F.Supp. 769, 773 (S.D.N.Y.1988) (transfer is "particularly appropriate where there is a pending lawsuit in the transferee district involving the same facts, transactions or occurrences").

■ The statutory standards of § 1404(a) require the weighing of several factors. The criteria used to determine whether transfer is appropriate include: 1) the weight accorded the plaintiff's choice of forum; 2) the locus of operative facts; 3) the convenience of the witnesses; 4) the availability of process to compel the at-

tendance of unwilling witnesses; 5) the convenience of the parties; 6) the location of relevant documents and the relative ease of access to sources of proof; 7) the relative means of the parties; 8) the district court's familiarity with governing law; and 9) trial efficiency and the interest of justice. *U.S. Surgical Corp. v. Imagyn Medical Technologies, Inc.,* 25 F.Supp.2d 40, 46 (D.Conn.1998).

■ In considering a motion to transfer, a district court ordinarily affords plaintiff's choice of forum substantial weight. *TM Claims Service v. KLM Royal Dutch Airlines,* 143 F.Supp.2d 402, 404 (S.D.N.Y. 2001). "However 'a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum.'" *Id.* (quoting *800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 134 (S.D.N.Y.1994)). Although the plaintiff has chosen to litigate this action in Connecticut, the alleged infringement and packaging claims are nationwide. As a result, the only exclusive connection that this cause of action has with Connecticut is that the plaintiff resides here. Therefore, the plaintiff's choice of forum is not controlling. *Mitsui Marine and Fire Ins. Co., Ltd. v. Nankai Travel Int'l Co., Inc.,* 245 F.Supp.2d 523, 525–26 (S.D.N.Y.2003).

The interests of justice strongly support transfer of this action. This factor is "broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer." *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y. 1967). As discussed above, the substantial overlap in the issues raised in the two actions in question here would require the use of judicial resources on largely duplicative proceedings, and for the parties, would essentially double the efforts and expenses put toward resolving these

claims. "Transfer of an action to a district where a related case is pending enables more efficient conduct of pretrial discovery, saves witnesses time and money ... and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest." *Nieves*, 700 F.Supp. at 773. As a result, an efficient, fair resolution of this dispute and "wise judicial administration," *Kerotest Mfg. Co.*, 342 U.S. at 183, 72 S.Ct. 219, is best served by transfer to Illinois, so that this case may be consolidated with the first-filed action. The other factors do not weigh against transfer. Any "locus" of the essentially nationwide operative facts in this case is at the defendant's place of business in Illinois, where the actions creating Eazypower's alleged liability took place. *See Distefano v. Carozzi North America*, No. 98 CV 7137(SJ), 2002 WL 31640476, at *3 (E.D.N.Y. Nov.16, 2002) ("To determine the 'locus of operative facts,' a court must look to the 'site of the events from which the claim arises'"). Additionally, the types of witnesses, often experts and employees of the parties, who are called in a patent and commercial litigation case such as this one does not support venue in Illinois over Connecticut, or vice versa, since they will be available in either location. Further, there is no indication that relevant documents and other sources of proof will be available in one place and not in the other. That one cause of action in this case is based on Connecticut law also does not prevent transfer, since "federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular State." *Pitney Bowes*, 33 F.Supp.2d at 132. Finally, while transferring the case to Illinois would convenience the defendant over the plaintiff, that factor is not dispositive, especially in light of the fact that Alden is a large corporation, and that the Illinois suit was the first to be filed.

Because the Illinois action was instituted over two months before this one, and asserts claims relating to Alden's claim that Eazypower had infringed its patent, including a request for a declaratory judgment on infringement, Eazypower's motion to transfer pursuant to § 1404(a) is granted.

## II. CONCLUSION

For the foregoing reasons, the defendant's motion dismiss or stay is DENIED, and the motion to transfer is GRANTED [Dkt No. 18]. The clerk is ordered to transfer this action to the United States District Court for the Northern District of Illinois.

**SO ORDERED.**