John HAWLEY, et. al., Plaintiffs,

v.

ACCOR NORTH AMERICA, INC., Defendant.

Civil Action No. 3:07–CV–1837 (JCH).

United States District Court, D. Connecticut.

April 22, 2008.

---

A. Alan Sheffy, Sheffy Mazzaccaro Depaolo & Dunham, Southington, CT, for Plaintiffs.

Brian L. Wolinetz, Pepe & Hazard, Hartford, CT, for Defendant.

**RULING ON DEFENDANT'S MOTION TO TRANSFER VENUE (Doc. No. 12)**

JANET C. HALL, District Judge.

## I. INTRODUCTION

The plaintiffs, John Hawley and Sheila Ronewicz, bring this personal injury action against Accor North America, Inc. ("Accor").[1] The suit concerns injuries plaintiffs sustained when Hawley slipped in the shower and Ronewicz fell over a broken toilet at the Motel 6 located at 1031 East Benson Highway in Tucson, Arizona. *See* Complaint at ¶¶ 4 and 6, Ex. A to Notice of Removal (Doc. No. 1). Plaintiffs filed a claim against Accor in Superior Court for the State of Connecticut. Accor removed the claim to this court on the basis of diversity between the parties. *See* Notice of Removal. Accor now moves this court to transfer the case to the District Court of Arizona. For the reasons set forth below, defendant's motion to transfer is DENIED.

## II. DISCUSSION

■■ Accor moves the court to transfer venue of this action pursuant to 28 U.S.C. § 1404. *See* Def.'s Mot. to Trans. at 1. Section 1404(a) of Title 28 of the United States Code declares that a district court may transfer a civil action to any district where it may have been brought "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). A district court is given broad discretion in making determinations of convenience and fairness under this provision. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106 (2d Cir.2006). In making this decision, courts typically consider the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the

---

1. The plaintiffs acknowledge that the correct name of the defendant is Motel 6 Operating Limited Partnership, and state that they will seek to substitute the proper named defendant. *See* Pl.s' Mem. in Opp. at 2 n. 1 (Doc. No. 14).

attendance of unwilling witnesses, [and] (7) the relative means of the parties." [2] *Id.* at 106–7 (citing *Albert Fadem Trust v. Duke Energy Corp.,* 214 F.Supp.2d 341, 343 (S.D.N.Y.2002)). The moving party, in his case Accor, has the " 'burden of making out a strong case for transfer.' " *Filmline (Cross–Country) Productions, Inc. v. United Artists Corp.,* 865 F.2d 513, 521 (2d Cir.1989) (citations omitted).

■ There is no dispute that this case could initially have been brought in the District of Arizona. Thus, the court must determine, weighing the above considerations, whether a transfer is appropriate "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).

### A. *Plaintiff's Choice of Forum*

■ The plaintiff's choice of forum is generally "entitled to substantial consideration." *In re Warrick,* 70 F.3d 736, 741 (2d Cir.1995); *Charter Oak Fire Ins. Co. v. Broan–Nutone, L.L.C.,* 294 F.Supp.2d 218, 220 (D.Conn.2003). "However 'a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum.' " *Charter Oak,* 294 F.Supp.2d at 220 (citations omitted). The operative facts of this case are largely based in Arizona, where plaintiffs suffered their injuries. Therefore, the court is deferential to plaintiffs' choice of forum, and this factor weighs against transfer. However, this factor weighs less heavily against transfer than it would were the operative facts centered in Connecticut.

### B. *Convenience of Witnesses*

■■ Convenience to the witnesses is another factor used to determine whether

to transfer a case. A party moving under Section 1404(a) must specify the key witnesses to be called and make a general statement of what their testimony will cover. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *rev'd on other grounds,* 652 F.2d 278 (2d Cir.1981). "[I]t is not the prospective number of witnesses in each district that determines the appropriateness of a transfer, but, rather, the materiality of their anticipated testimony." *Schwartz v. Marriott Hotel Servs., Inc.,* 186 F.Supp.2d 245, 249 (E.D.N.Y.2002) (internal quotation omitted).

Accor points out that motel personnel who could testify as to the conditions at the Motel 6 and paramedics and other medical staff who may have treated plaintiffs in Arizona reside in Arizona. On the other hand, plaintiffs and the physicians treating their ongoing medical problems reside in Connecticut. As such, the convenience of witnesses weighs slightly in favor of transfer to Arizona.

### C. *Location of Relevant Documents and Sources of Proof*

■ Although the location of relevant documents is entitled to some weight, modern photocopying technology and electronic storage often deprive this issue of practical or legal weight. *See generally Ford Motor Co. v. Ryan,* 182 F.2d 329, 331 (2d Cir.1950); *see also Distefano v. Carozzi North America, Inc.,* 2002 WL 31640476, at *4 (E.D.N.Y.2002). With the possible exception of the "broken toilet" Ronewicz fell over, all of the evidence identified by Accor is documentary evidence that could easily be transmitted to Connecticut.

---

**2.** In addition to these factors, "other courts have identified two additional factors: (1) 'the forum's familiarity with the governing law'; and (2) 'trial efficiency and the interest of justice, based on the totality of the circumstances.' " *Jones v. Walgreen, Co.,* 463 F.Supp.2d 267, 271 (D.Conn.2006) (citations omitted).

Therefore, the court finds that the location of the relevant evidence is not a factor that weighs for or against transfer.

### D. Convenience of Parties

 Transfer should not merely "shift the burden of inconvenience from one party to the other." *Pitney Bowes, Inc. v. National Presort, Inc.,* 33 F.Supp.2d 130, 132 (D.Conn.1998). "District Courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair,* 462 F.3d at 106. Plaintiffs, who are residents of Connecticut, would be heavily inconvenienced by transferal of this case to Arizona. Accor, in contrast, is a national company which does business in Connecticut. As such, the inconvenience to plaintiffs of transfer strongly outweighs the inconvenience to Accor in trying the case in Connecticut.

### E. Locus of Operative Facts

 The location of operative facts underlying a claim is a key factor in determining a motion to transfer venue. *See TM Claims Service v. KLM Royal Dutch Airlines,* 143 F.Supp.2d 402, 404 (S.D.N.Y. 2001). "The core determination under Section 1404(a) is the center of gravity of the litigation." *Id.* at 403 (internal quotation omitted). "To determine the 'locus of operative facts,' a court must look to the 'site of the events from which the claim arises.'" *Distefano,* 2002 WL 31640476, at *3. Clearly, the claims arise from events which took place in Arizona; therefore this factor weighs in favor of transferring venue to that district.

### F. Availability of Process to Compel Witnesses

 A related factor in the court's determination of a transfer motion is the ability to compel the attendance of witnesses. *Merkur v. Wyndham Int'l, Inc.,* 2001 WL 477268, at *4 (E.D.N.Y.2001). This factor "'is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship.'" *BRMS, LLC v. North Am. Flight Services,* 2006 WL 1313338, at *5 n. 3 (D.Conn.2006) (citations omitted). The court cannot require "a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business to appear before it." *See* Fed.R.Civ.P. 45(c)(3)(A)(ii).

Accor argues that this factor weighs in favor of transfer because compulsory process "of essentially every witness relating to liability" would be available in Arizona. Def.'s Mem. at 5. The court finds this argument unavailing. The majority of Accor's witnesses regarding liability are likely to be motel employees, and thus available by virtue of their employment relationship. The testimony of other witnesses, such as the paramedics and medical personnel who initially treated plaintiffs, would only relate to damages. Their contemporaneous records could be interpreted by medical experts in Connecticut. Therefore, the court finds that there may be relevant witnesses who could not be compelled to testify in Connecticut, but that their live testimony is readily replaced with expert review of records. Therefore, this factor tips in favor of transfer, but only slightly.

### G. Relative Means of Parties

 The "relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider." *Michelli v. City of Hope,* 1994 WL

410964, at *3 (S.D.N.Y.1994). Plaintiffs are individuals; Accor is a nation-wide business. This factor clearly and strongly weighs against transfer.

### H. *Other Factors*

Another factor that weighs in favor of transfer is this courts' familiarity with the governing law. Given that the accidents at issue took place in Arizona, the court agrees that Arizona law will likely govern the dispute. *See* Def.'s Mem. at 6. There is no doubt that a district court in Arizona would likely be more familiar with Arizona personal injury law than this court. However, personal injury cases are not generally legally complex, and this court has familiarity with them; therefore, this factor weighs only slightly in favor of transfer.

After examination of the factors listed above, the court finds that Accor has not demonstrated " 'that convenience and justice for all parties demands that the litigation proceed elsewhere.' " *Charter Oak,* 294 F.Supp.2d at 222 (citations omitted). While a greater number of factors weighs in favor of transfer, including the locus of operative facts being there, some relevant witnesses and physical evidence being there, and Arizona law likely being the governing law, none of these factors weighs heavily. In contrast, the plaintiffs' choice of forum, the relative conveniences of the parties and especially the relative means of the parties all weigh heavily against transfer. Where plaintiffs are individuals bringing suit against a large corporation which does business in their home state, the court is mindful that transfer of venue may preclude plaintiffs' ability to prosecute their claim at all. Therefore, the court concludes that the balance of relevant factors weighs against transfer of venue in this case.

## II. CONCLUSION

For the foregoing reasons, the defendant's motion to transfer is DENIED (Doc. No. 12).

**SO ORDERED.**