**RICO RECORDS DISTRIBUTORS, INC. and Ralph Cartagena, Plaintiffs,**

**v.**

**Rafael ITHIER, as owner of El Gran Combo de Puerto Rico, Inc., d/b/a El Gran Combo de Puerto Rico; Rafael Ithier d/b/a El Gran Combo de Puerto Rico; and El Gran Combo de Puerto Rico, Inc. d/b/a El Gran Combo de Puerto Rico, Defendants.**

**No. 04 Civ. 9782(JSR).**

United States District Court, S.D. New York.

April 8, 2005.

Juan H. Saavedra–Castro, Barber Pickard Battistoni, San Juan, PR, Roger Juan Maldonado, Balber, Pickard, Battistoni, Maldonado, & Van Der Tuin, New York, NY, for Plaintiffs.

Dominic Paul Bianco, Gallagher Walker Bianco & Plastaras, Mineola, NY, for Defendants.

### MEMORANDUM ORDER

RAKOFF, District Judge.

By Order dated April 7, 2005, the Court denied defendants' motions to dismiss or transfer. This Memorandum Order will briefly set forth the reasons for those rulings.

On December 13, 2004, plaintiffs Rico Records Distributors, Inc. ("Rico Records"), a New York company, and its president, Ralph Cartagena, filed suit against a Puerto Rican salsa group named El Gran Combo de Puerto Rico ("El Gran Combo"), and its principal, Rafael Ithier. The suit alleges copyright violations and related claims. Two months later, on February 11, 2005, the defendants, instead of filing what are basically compulsory counter-

claims in this action, filed them instead as a separate action in the District of Puerto Rico. Indeed, the substantive issues in the two cases appear essentially identical. *Compare* the Complaint in this action *with* the Complaint in *Rafael Ithier d/b/a El Gran Combo de Puerto Rico v. Rico Records, et al.*, Civ. No. 05–1180 (D.P.R.). Defendants then moved before this Court, on February 22, 2005, to dismiss this action in favor of the Puerto Rico action or in the alternative to transfer venue of this action to Puerto Rico, on the grounds of (1) lack of personal jurisdiction, (2) improper anticipatory filing, and (3) inconvenient venue. *See* Defendants' Motion and Memorandum of Law to Dismiss for Improper Anticipatory Filing, for Lack of Personal Jurisdiction, and for Improper Venue or Transfer of Venue Without Submitting to the Jurisdiction of the Court, February 22, 2005 ("Defs. Mem.").[1]

■ The contention that this Court lacks personal jurisdiction over one or both defendants may be disposed of swiftly. Plaintiffs have submitted evidence that for the past 30 years El Gran Combo has utilized Rico Records to produce, record, mix and manage numerous of the group's albums and CDs from Rico Records' New York offices located in the Bronx and Manhattan. *See* Affidavit of Ralph Cartagena, March 17, 2005, ¶¶ 1–29. Additionally, El Gran Combo entered into contracts with Rico Records that were drafted and executed in New York. *See id.* Furthermore, Itheir and Cartagena frequently met in plaintiffs' New York offices to discuss the sales, recording, and production of El Gran Combo's albums, and to execute their contracts. *See id.* ¶¶ 15–24. Given all this, defendants' claim that the Court lacks personal jurisdiction over them appears frivolous.

■ Defendants' claim of improper anticipatory filing has more superficial appeal. While first-filed actions are normally given priority, *see Ontel Prods. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y.1995), one of the special circumstances justifying an exception is where a plaintiff, having been informed that a defendant firmly intends to file an action against the plaintiffs, races to the Court to file its own action in a more favorable forum. *See id.; 800–Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 132 (S.D.N.Y.1994). Defendants contend that this is precisely what occurred here, because on November 29, 2004 their counsel wrote to defendants' counsel making various requests with respect to the disputes that now frame these actions, and stating that if

> the above requests are not complied with in a reasonable period of fifteen days, we shall proceed to file in Federal Court against your company for breach of contract and collection or artist royalties.

Letter from Roberto Sueiro Del Vallè, Esq. dated November 29, 2004 ("November 29 Letter") at 4, attached as Exhibit 2 to Defs. Mem. Without otherwise responding, plaintiffs then filed the instant action on December 13, 2004, *i.e.*, one day before expiration of the 15–day period that defendants unilaterally propounded in the November 29 Letter. Although the November 29 Letter does not explicitly state which federal district defendants intended to file in, if defendants had in fact done what they suggest the November 29 Letter indicates they would do, *i.e.*, file suit in

---

1. Defendants originally sought to qualify their motion with the caveat that, in making this motion, they were not submitting to the jurisdiction of this Court. At oral argument, defendants expressly withdrew this qualification, recognizing that special or limited appearances in federal court have been abolished. *See* transcript, March 30, 2005.

federal court immediately after the expiration of the 15–day waiting period, their argument of anticipatory filing might have some merit.

■ But this is not what happened. As defendants candidly admitted at oral argument, *see* transcript, March 30, 2005, after plaintiffs brought the instant action defendants occupied themselves over the subsequent weeks in responding to plaintiffs' complaint and plotting strategy. Only belatedly, some two months after plaintiffs filed their suit, did defendants file their parallel action in Puerto Rico. This conduct completely undercuts their claim that they had an immediate and "firm intention to commence an action" when they sent their November 29 Letter and suggests instead that they were simply posturing. *See Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49, 55 (S.D.N.Y.2001); *Schnabel v. Ramsey Quantitative Sys.*, Inc., 322 F.Supp.2d 505, 511–13 (S.D.N.Y.2004) (collecting cases); *800–Flowers*, 860 F.Supp. at 132. Defendants' claim of improper anticipatory filing must therefore be denied.

■ Turning, finally, to defendants' claim of inconvenient venue, it is, of course, well settled that, notwithstanding the "first-filed" rule, preference can be given to the later-filed case, either by dismissal of the first-filed action or by its transfer pursuant to 28 U.S.C. § 1404(a) to the venue of the later-filed action, where the balance of convenience tilts in favor of the latter-filed action. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991); *Everest Capital Ltd. v. Everest Funds Management, L.L.C.*, 178 F.Supp.2d 459, 465 (S.D.N.Y.2002). The factors to be considered in weighing the balance include: (1) the convenience of the witnesses, as well as the availability of process to compel their attendance if unwilling; (2) the location of relevant documents and ease of access to sources of proof; (3) the convenience and relative means of the parties; (4) the locus of the operative facts; (5) the forums' respective familiarity with the governing law; (6) the weight accorded to the plaintiff's choice of forum; (7) trial efficiency and the interests of justice; and (8) any other relevant factors special to the two cases. *See id.*

■ Here, consideration of these factors, as detailed at oral argument, *see* transcript March 30, 2005, demonstrates that as a practical matter, there is no material difference between this litigation proceeding in this District and its proceeding in Puerto Rico, except that the action here is already further advanced in this District than is the parallel action in Puerto Rico.[2] Indeed, a schedule has already been set in this District that would have this case ready for trial by July 14, 2005, whereas in Puerto Rico no Answer has yet been filed nor issue joined. Under these circumstances, there is no basis to disturb plaintiffs' choice of forum.

Accordingly, the Court, confirming its Order of April 7, 2005, hereby denies defendants' motion to dismiss or transfer and hereby orders the parties to proceed according to the Case Management Order dated February 14, 2005.

SO ORDERED.

---

**2.** In reaching this conclusion, the Court, on consent of the parties, consulted with the Honorable Hector M. Laffitte, U.S.D.J., before whom the Puerto Rico action is pending.