SPOTLESS ENTERPRISES
INCORPORATED,
Plaintiff,

v.

The ACCESSORY CORPORATION,
Defendant.

The Accessory Corporation,
Third Party Plaintiff

v.

Spotless Enterprises Incorporated.,
Spotless Plastics Pty. Ltd., a/k/a
Plastform, a/k/a Plasti–Form Spotless
Group, Third Party Defendants.

No. 05–cv–01939(ADS)(ETB).

United States District Court,
E.D. New York.

Feb. 17, 2006.

Scully, Scott, Murphy & Presser by Frank S. DiGiglio, Esq., and Paul Joseph Esatto, Jr., Esq., of Counsel, Garden City, NY, for Plaintiff and Third Party Defendants.

Goldberg Rimberg & Friedlander by Joel Steven Schneck, Esq., of Counsel, New York City, for Defendant and Third Party Plaintiff.

## MEMORANDUM OF *DECISION AND ORDER*

SPATT, District Judge.

In this patent infringement case the Court must determine the winner of a race to the courthouse. The defendant The Accessory Corporation ("TAC"), claims that prior to the commencement of this action by the plaintiff Spotless Enterprises Incorporated, ("Spotless Enterprises"), TAC commenced an action in the United States District Court for the Southern District of New York ("SDNY Action") against Spotless Plastics Pty. Ltd., ("Spotless Plastics"), a third party defendant in this action that is related to Spotless Enterprises, concerning infringement of the same United States Letters Patent No. 6,474,517 (the "Clamp Patent") that is at issue in this case. Currently pending is a motion by TAC to dismiss the complaint, or, in the alternative, to transfer this case to the Southern District of New York under the "first-filed" rule. Also pending is a motion to dismiss the third party complaint by Spotless Plastics for lack of personal jurisdiction.

### I. BACKGROUND

On February 16, 2005, TAC filed the SDNY Action against Spotless Plastics alleging infringement of TAC's Clamp Patent, an invention for a clamp-type garment hanger that has been demonstrated to have superior gripping ability on denim jeans garments. On March 23, 2005, TAC forwarded a copy of the complaint in the SDNY Action to counsel for Spotless Enterprises and Spotless Plastics, requesting that they accept service on behalf of Spotless Plastics. On April 21, 2005, Spotless Enterprises filed this action under the Declaratory Judgment Act in an effort to have the Court address the proper parties, and relevant patent infringement and validity issues regarding the Clamp Patent. On April 29, 2005, TAC amended the complaint in the SDNY Action to add Spotless Enterprises as a defendant. On August 29, 2005, TAC filed a third party complaint in this action against Spotless Plastics and asserted counterclaims against Spotless Enterprises.

According to the complaint in this action, Spotless Plastics is a parent corporation of Spotless Plastics (USA) Inc., which

is the parent corporation of Spotless Enterprises. The complaint states that TAC filed the SDNY Action against Spotless Plastics alleging that hanger model numbers WP65xx, where xx denotes a hanger length in inches, infringes on TAC's Clamp Patent. The complaint also states that such hangers are not made, sold, or offered by Spotless Plastics, but are sold in the United States by Spotless Enterprises. The complaint concludes that the claims of infringement in the SDNY Action give Spotless Enterprises a reasonable apprehension of suit for infringement under the Declaratory Judgment Act.

TAC filed this motion to dismiss, or in the alternative to transfer, under the first-filed rule, arguing that the case should be dismissed or transferred, pursuant to 28 U.S.C. § 1404, because of the earlier filed SDNY Action. Spotless Enterprises opposes a transfer, and contends that this action was properly filed because it was not originally named in the SDNY Action and that the pending SDNY Action against Spotless Plastics, its "grandparent Australian company," should not foreclose its right to commence this action.

## II. DISCUSSION

 The resolution of this dispute requires an application of the "first-filed" rule. The "first-filed" rule is a well-settled principle of law directing that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat. Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989) (quotations and citations omitted); *see also Taylor v. Rodriguez,* 238 F.3d 188, 197 (2d Cir.2001); *Curtis v. Citibank, N.A.,* 226 F.3d 133, 133 (2d Cir.2000); *Kahn v. Gen. Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir.1989); *Motion Picture Lab. Techni-*

*cians Local 780 v. McGregor & Werner, Inc.,* 804 F.2d 16, 19 (2d Cir.1986); *Fort Howard Paper Co. v. William D. Witter, Inc.,* 787 F.2d 784, 790 (2d Cir.1986); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978); *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202 (2d Cir.1970); *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969); *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423 (2d Cir.1965); *Hilb Rogal & Hobbs Co. v. MacGinnitie,* No. 04–1541, 2005 WL 441509, at *4 (D.Conn. Feb. 14, 2005); *Cali v. East Coast Aviation Services, Ltd.* 178 F.Supp.2d 276, 292 (E.D.N.Y.2001); *O'Hopp v. Contifinancial Corp.,* 88 F.Supp.2d 31, 34 (E.D.N.Y.2000). "In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit. . . ." *Taylor,* 238 F.3d at 197 (citations and quotations omitted).

The Supreme Court views the first-filed rule as "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. . . ." *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). The rule "avoids duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Ontel Products, Inc. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1150 (S.D.N.Y.1995).

 "In determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative." *Alden Corp. v. Eazypower Corp.* 294 F.Supp.2d 233, 235 (D.Conn.2003) (citing *Curtis v. Citibank, N.A.,* 226 F.3d 133, 133 (2d Cir.2000)). Application of the rule requires that both cases have identical or substantially similar parties and claims. *In re Cuyahoga Equipment Corp.* 980

F.2d 110, 116–17 (2d Cir.1992); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978). Importantly, the rule does not require *identical* parties in both cases, but merely requires "substantial overlap." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir.1997); *see Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir.1974); *Cali*, 178 F.Supp.2d at 292; *Maclaren v. B–I–W Group, Inc.*, 329 F.Supp. 545 (S.D.N.Y.1971). *But see CRST Van Expedited, Inc. v. J.B. Hunt Transport, Inc.*, No. 04–79, 2005 WL 741911, at *7 (N.D.Iowa 2005) (recognizing that the Sixth Circuit disagrees with the Second, Fourth, and Fifth Circuits, and requires that the action include "all of the same parties" to invoke the first-filed rule).

■ Here, there is no dispute that there is more than substantial overlap between the cases. In fact, the Spotless Enterprises' complaint cites to the SDNY Action. Both cases involve the same issue with regard to the validity and infringement of the Clamp Patent. The only difference between the two cases is that the SDNY action was originally commenced without naming Spotless Enterprises as a party. It named only its "grandparent" company Spotless Plastics. Spotless Enterprises' argument that the first-filed rule does not apply because they were not named in the prior suit is misplaced. There is sufficient similarity between the Spotless Plastics and Spotless Enterprises to warrant the application of the first-file rule. *See, e.g.,* Versus *Technology*, 2004 WL 3457629, at *8. Spotless Plastics is a related company, and owner of, Spotless Enterprises. Both Spotless Plastics and Spotless Enterprises hold patents regarding hangers that are relevant to TAC's infringement claims. Indeed, in 2003, the very same parties in both of these cases were involved in another prior infringement action in the Southern District concerning similar products.

To say that there is "substantial overlap" between the two cases would be an understatement. The Court finds that these cases are nearly identical.

Assuming that the first-filed rule required exact identity of the parties, the SDNY Action would still take priority over this later filed action. On April 29, 2005, TAC amended its complaint in the SDNY Action to add Spotless Enterprises as a defendant. This amendment "relates back" to the original commencement date, which is without question prior to the commencement date of this action. *See* Fed. R.Civ.P. 15(c)(2); *Mattel*, 353 F.2d at 423; *Versus*, 2004 WL 3457629, at *6; *Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122, 132 (S.D.N.Y.2003); *Nat'l Foam, Inc. v. Williams Fire & Hazard Control, Inc.*, No. 97–3105, 1997 WL 700496, at *4–7 (E.D.Pa. Oct. 29, 1997). Accordingly, the Court finds that the first-filed rule applies in this case and that the earlier filed SDNY Action takes precedent over this action.

■ Further, Spotless Enterprises has pointed to no "special circumstances" to justify a departure from the first-filed rule. Special circumstances that may justify a departure from the first-filed rule include "customer actions," "improper anticipatory actions," and where the "balance of convenience and interest of justice" favors the second suit.

"Customer actions" involve cases where the first-filed suit is against a customer of the alleged infringer and the second suit is against the infringer himself. *See Country Home Products, Inc. v. Schiller–Pfeiffer, Inc.*, 350 F.Supp.2d 561, 570 n. 2 (D.Vt. 2004); *Delamere Co. v. Taylor–Bell Co.*, 199 F.Supp. 55 (S.D.N.Y.1961). This exception has no bearing on this dispute.

■■ "Improper anticipatory actions," include cases where forum-shopping moti-

vated the filing of the suit and choice of venue. *Fed. Ins. Co. v. May Dep't Stores Co.*, 808 F.Supp. 347, 350 (S.D.N.Y.1992); *see Mattel*, 353 F.2d at 424 n. 4. Here, Spotless Enterprises, not TAC, appears to be the party that has commenced an improper anticipatory action. Spotless Enterprises filed this declaratory judgment action soon after it received word of the SDNY Action, in an apparent effort to win the race to the courthouse. "[T]he declaratory judgment action cannot be used as a substitute for the rules of civil procedure in response to a pending lawsuit, . . . nor can declaratory judgment be used as yet another weapon in a game of procedural warfare." *Hospah Coal Co. v. Chaco Energy Co.* 673 F.2d 1161, 1164–65. In other words, "[t]he federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Perez v. Ledesma*, 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694, 27 L.Ed.2d 701 (1971) (Brennan, J., dissenting).

■ The final exception to the first-filed rule is where the balance of convenience and interest of justice favors the second action. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991). "The factors to be considered in weighing the balance include: (1) the convenience of the witnesses, as well as the availability of process to compel their attendance if unwilling; (2) the location of relevant documents and ease of access to sources of proof; (3) the convenience and relative means of the parties; (4) the locus of the operative facts; (5) the forums' respective familiarity with the governing law; (6) the weight accorded to the plaintiff's choice of forum; (7) trial efficiency and the interests of justice; and (8) any other relevant factors special to the two cases." *Rico Records Distributors, Inc. v. Ithier*, 364 F.Supp.2d 358, 361 (S.D.N.Y.2005) (citing *Everest Capital Ltd. v. Everest Funds Management, L.L.C.*, 178 F.Supp.2d 459, 465 (S.D.N.Y.2002)).

■ Spotless Enterprises argues that the Eastern District of New York is a more convenient forum than the Southern District of New York. In addition, it contends that Spotless Enterprises is located only 10 minutes from the Long Island courthouse. The inventors of the hangers live within the Eastern District and much of the research and development took place in this district. Thus, Spotless Enterprises believes it would be very convenient for the case to be heard by this Court.

However, considering the close proximity of both courthouses, applying a common sense analysis, the Court finds this argument by Spotless Enterprises to be without merit. It is clear that either courthouse is easily accessible to all parties and witnesses that are located in the New York metropolitan area. The mere fact that some of the witnesses for Spotless Enterprises are 10 minutes from this courthouse does not outweigh the inherent priority given to TAC's first-filed choice of forum. As such, there are no convenience factors that weigh in favor of disturbing TAC's choice of forum and the first-filed rule.

Accordingly, following the precepts of the first-filed rule, and in the interests of justice, the Court orders that this case be transferred to the Southern District of New York.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that TAC's motion to transfer the case to the Southern District of New York is GRANTED; and it is further

**ORDERED**, that the Clerk of the Court is directed to transmit the case to the Clerk of the United States District Court for the Southern District of New York for further proceedings; and it is further

**ORDERED**, that Spotless Plastics' motion to dismiss the third party complaint is denied without prejudice and may be renewed before the Court in the Southern District of New York.

**ORDERED**, that the Clerk is directed to close the case.

**SO ORDERED.**